AO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

Southern _____ DISTRICT OF ____ California _____

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Motorola Cellular Telephone
Model: F3
Serial number F59MH84NV7

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number:

'08 MJ 0333

I, __Alfredo Loperena_____ being duly sworn depose and say:

I am a(n) __Customs and Border Protection Officer_____ and have reason to believe

Official Title

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)
Motorola Cellular Telephone
Model: F3
Serial number F59MH84NV7

in the __Southern_____ District of ____ California _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)
Motorola Cellular Telephone
Model: F3
Serial number F59MH84NV7

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
Subject to seizure under Rule 41(b)(1) of the Federal Rules of Criminal Procedure because the property constitutes
evidence of the commission of criminal offenses or instrumentalities used in committing criminal offenses. The criminal
offenses at issue are violations of: (1) Title 8, United States Code, Section 1324, alien smuggling.

concerning a violation of Title __8_____ United States code, Section(s) ____1324_____

The facts to support a finding of probable cause are as follows:
See Affidavit of Officer Loperena

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

Signature of Affiant

Sworn to before me and subscribed in my presence,

__2/5/2008_____ at __San Diego,__  __California__
Date                                                    City              State

__RUBEN B. BROOKS__
__U.S. MAGISTRATE JUDGE__
Name of Judge        Title of Judge                    Signature of Judge

# ATTACHMENT A

## PREMISES KNOWN AS:

Motorola Cellular Telephone
Model:  F3
Serial #: F59MH84NV7

Currently in the possession of Customs and Border Protection officers at the San Ysidro
Port of Entry, Prosecution Unit in San Ysidro, California.

# **ATTACHMENT B**

✱ 1. Digital, cellular and/or direct connect, names and identities stored in the directories;

✱ 2. Phone numbers and direct connect numbers dialed from cellular phone and stored in the memory;



✱ 3. Phone numbers and direct connect numbers received by the cellular phone and stored in the memory;

✱ 4. Any other electronic information in the stored memory and/or accessed by the active electronic features of the cellular phone, including but not limited to images, text messages and voicemail.

✱ Relating to alien smuggling

# AFFIDAVIT

State of California

County of San Diego

I, Alfredo Loperena, being duly sworn, hereby depose and say:

1.    I am an Enforcement Officer with United States Customs and Border Protection
(CBP) within the Department of Homeland Security. I have been a CBP Officer
for nine (9) years and eleven (11) months. I am currently assigned to the Field
Investigation Support Team (FIST) within the Prosecution Unit at the San Ysidro
Port of Entry. In the course of my official duties, I regularly and routinely prepare
and investigate criminal prosecution cases involving the illegal entry of
undocumented aliens into the United States, as well as smuggling, concealing,
aiding and transportation of illegal aliens. I make this affidavit based on facts
known to me through my investigation or told to me by others involved in the
investigation of this matter.

2.    This affidavit is submitted in support of an application to search the stored
memory for a cellular telephone belonging to a Defendant charged with alien
smuggling in a criminal case filed in Federal District Court of the Southern
District of California

## SUMMERY OF EVENTS

3.    On November 11, 2007, at approximately 0900 hours, Alejandro SAUCEDO-
Virgen (Defendant) made application for admission into the United States at the
Otay Mesa Port of Entry as the driver and sole visible occupant of a 1997 Plymouth
Voyager bearing Baja California, Mexico plates BEB-92-58. Defendant presented
the inspecting CBP officer with his DSP-150 (Border Crossing Card) B-1/B-2 visa
as his entry document. During the primary vehicle inspection the CBP officer
discovered what appeared to be a non-factory compartment attached to the
undercarriage frame of the vehicle and observed a pair of shoes through an opening
in the compartment. The CBP officer suspected the Defendant of alien smuggling
and referred and escorted Defendant to secondary for further inspection.

4.    During secondary inspection, three females were discovered concealed within the
non-factory compartment found attached to the undercarriage of the vehicle. All
three females where determined to be citizens and natives of Mexico without
entitlements or benefits to enter, pass through or reside in the United States.

5.    At approximately 1158 hours, a video recorded interview was conducted with the
Defendant, in the Spanish language. Defendant was advised of his Miranda Rights
and informed he was under arrest for 8 USC 1324; alien smuggling. Defendant

acknowledged his rights and agreed to answer questions without the benefit of an attorney present during the interview. Defendant stated he was entering the United States to travel to a Wal-Mart retail store to purchase an X-Box video game system as a gift for his brother. Defendant stated he lives in Tijuana, Mexico and works as a carpenter for a company in Tijuana, Mexico. Defendant stated he owns two vehicles, but stated that both vehicles were non-operational at the time of interview.

6.    Defendant stated that on November 10, 2007, he was conversing with a friend named "Rudy". Defendant stated he has known Rudy for approximately ten years but does not know Rudy's last name. Defendant stated he told Rudy of the situation with his two vehicles and that he needed to buy a gift for his brother in the United States. Defendant stated Rudy offered to let him borrow a vehicle. Defendant stated that in return for borrowing the vehicle, Rudy instructed him to meet with an unknown woman, immediately after crossing the border, at a Denny's Restaurant in Chula Vista, California. Defendant stated that the woman was the wife of the owner of the vehicle. Defendant stated he was instructed to pick up a small refrigerator from the unknown woman and that he could then use the vehicle for his personal use.

7.    Defendant stated he agreed to borrow the vehicle. Defendant stated that on November 11, 2007, at approximately 0615 hours, Rudy contacted him by phone and advised Defendant that the vehicle would be delivered to his home at approximately 0700 hours. Defendant stated the vehicle did arrive at his home at approximately 0700 hours. Defendant stated he did not trust Rudy and decided to check the vehicle for any contraband. Defendant stated he conducted a visual and physical check of the interior of the vehicle and the tires. Defendant stated he did not check the undercarriage of the vehicle. Defendant stated as he entered the vehicle he noticed the gasoline gauge on the dashboard of the vehicle was not working. Defendant admitted that as he drove to the Otay Mesa Port of Entry he utilized his cellular phone and called Rudy two separate times to confirm that the vehicle did not contain any contraband. Defendant stated that on both occasions, Rudy assured him that the vehicle did not contain contraband or people hidden in the vehicle.

8.    During a search incident to arrest on November 11, 2007, at the Otay Mesa Port of Entry, the cellular phone was found to be in Defendant's possession and control.

9.    As an Enforcement Officer with U.S. Customs and Border Protection, I have received training in investigating alien smuggling, in particular, the use of cellular and digital phones and other electronic devices used by alien smugglers and their organizations in the normal course of their illicit activities. During the course of over 100 other alien smuggling prosecutions and investigations, I have learned through talking with defendants, suspects, family members and confidential sources that alien smugglers and their organizations use digital and cellular phones, in part to increase their mobility and to provide the smugglers with instant access to phone calls and voice messages. Alien smugglers and their organizations use digital and

cellular phones, in part, because these individuals believe law enforcement is unable to track the originating and destination phone numbers of calls placed to and from digital and cellular phones.

10. In preparing this affidavit, I have consulted with other officers and agents who are experienced in alien smuggling prosecutions and investigations, and the opinions in the above paragraph are shared by them.

11. I request an order allowing officers to access and retrieve stored information on the cellular phone's memory. The United States Customs and Border Protection will review the records sought by the search warrant and will segregate any information that is evidence, fruits, instrumentalities or other information that may lead to further evidence of violations of Title 8 United States Code, section 1324.

12. Based on my training and experience, I have probable cause to believe that:

      1. A violation of federal law has occurred, to wit, Bringing in Illegal Aliens Without Presentation, in violation of Title 8 United States Code, section 1324(a)(2)(B)(iii); and

      2. The items appearing in Attachments A and B represent the fruits, instruments and evidence of the crime of bringing in illegal aliens without presentation.

Date: February 5, 2008

By: _____ #7440
Alfredo Lopderena
Enforcement Officer
U.S. Customs and Border Protection

Subscribed and sworn to
Before me on this 5th day of February, 2008.

_____

The Honorable Ruben B. Brooks
United States Magistrate Judge